Lester Roy DAVIS, Jr., Appellant,

v.

Annie Lu DAVIS, Appellee.

No. 3190.

District of Columbia Court of Appeals.

Argued March 25, 1963.

Decided May 28, 1963.

William J. Garber, Washington, D. C., with whom Sherman C. Shelton, Washington, D. C., was on the brief, for appellant.

Richard L. Merrick, Washington, D. C., for appellee.

Before HOOD, Chief Judge, QUINN, Associate Judge, and CAYTON, (Chief Judge, Retired) sitting by designation under Code § 11–776(b).

HOOD, Chief Judge.

This appeal is by a husband from an order dismissing his complaint seeking a divorce on the ground of five years voluntary separation.

The facts, as found by the trial court, are these. A child was born out of wedlock to the parties in April of 1955. In November of that year the parties were legally married, but separated eight days later and have not lived together since that time. Prior to and at the time of the marriage the parties agreed that the purpose of the marriage was to give the child a legal name and that if they were not satisfied with the marriage a divorce could be obtained.

The trial court denied the divorce on the ground that the agreement of the parties prior to and at the time of marriage was collusive and contrary to law.

■ The parties, as the court found, were legally married. Although a marriage is entered into solely for the purpose of legitimizing a child born out of wedlock, such a marriage is a valid one.[1] The court also found that the parties had lived separate and apart for more than five years. The court did not expressly state that the separation was voluntary, but that is implicit in its finding, and there is no intimation in the record that the separation was other than voluntary. Under our law proof of a valid marriage and five years voluntary separation entitles either party to a divorce.[2] The sole question is whether the agreement of the parties at the time of marriage bars granting of the divorce.

■■ The agreement did not constitute collusion in a legal sense. In general it may be said that collusion, in the law of divorce, implies a corrupt agreement by which evidence is fabricated or suppressed in an attempt to deceive the court and obtain a divorce where legal grounds do not exist. Such was not the case here, but the trial court apparently was of the opinion that an agreement before marriage that if the marriage was unsatisfactory the parties could and would separate and thereafter obtain a divorce, was collusive in nature and contrary to law.

When our divorce law was amended in 1935 to include five years voluntary separation as a ground for divorce, it made possible that parties to a marriage could put an end to the marriage by their own voluntary action and after the required period either party could have the marriage legally dissolved. In such a dissolution proceeding there is no question of the innocence or guilt of either party and the reason for the separation is not material. The only issue is the existence of the voluntary separation for the required time.

■ The result is that an agreement by the parties prior to entering marriage that they may voluntarily separate, end the marriage and be divorced, is nothing more than a recognition of the rights given them by law. Such an agreement cannot be said to be contrary to law.

Reversed with instructions to award appellant a divorce.

---

1. Schibi v. Schibi, 136 Conn. 196, 69 A.2d 831, 14 A.L.R.2d 620.

2. Code 1961, 16–403.